UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW DAVIS, on behalf of himself and all others similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>MACY'S RETAIL HOLDINGS, INC., a/k/a MACY'S, INC.<br><br>                    Defendant. | CIVIL ACTION NO. 3:17-cv-1807<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

1.      Plaintiff Andrew Davis ("Plaintiff") brings this action as a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58 *et seq.*, against Defendant Macy's Retail Holdings, Inc. a/k/a Macy's, Inc. ("Macy's" or "Defendant) for the misclassification of employees with the title of Department Manager as exempt from overtime pay, and the consequent failure to pay those workers at time and one-half their hourly rate for hours worked over 40 in a workweek.

2.      Macy's operates numerous department stores throughout the United States, including ten locations in Connecticut. Plaintiff worked as a Department Manager at the Macy's located in Meridian, Connecticut.

3.      Despite his title of Department Manager, Plaintiff was not afforded any discretion with respect to the operation of the enterprise, the right to supervise the work of others, or the

1

discretion to reward, penalize, hire, and fire employees, or his suggestions were not given any significant weight.

4. As a practical matter, Department Managers spend the vast majority of their time performing the same work as commissioned salespersons, including assisting customers, ringing up sales and returns, taking inventory, organizing stock rooms, folding and hanging clothing, and placing merchandise on shelves or racks for sale.

5. Indeed, the primary difference between a Department Manager and a commissioned salesperson is that a Department Manager is required to work more than 40 hours per week, and is not paid overtime, because Macy's improperly classifies Department Managers as exempt employees.

6. Macy's cannot properly invoke the executive exemption under the FLSA and CMWA merely by bestowing the title "Department Manager" on personnel who exercise no meaningful discretion in the operation of the enterprise.

7. Indeed, Macy's is a sophisticated employer with an in-house legal department, and numerous lawyers that regularly advise it on compliance with state and federal wage and hour laws.  Macy's failure to comply with the FLSA and CMWA with respect to wages paid to Department Managers was certainly willful, or evidenced a reckless disregard for its obligation to pay overtime wages.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in this District because Macy's operates ten stores in this District, and a substantial part of the events giving rise to Plaintiff's claims, and those of the Class,

occurred in this District, including but not limited to Plaintiff's employment by Macy's and the employment of other Department Managers by Macy's

## THE PARTIES

10.   Plaintiff is a citizen of the State of Connecticut, residing in West Haven, Connecticut.  Plaintiff worked as a Department Manager at the Macy's store in Meridian, Connecticut during the limitations period under both the FLSA and the CMWA, and at all relevant times was misclassified as exempt from the overtime pay requirements of the FLSA and the CMWA.  As a Department Manager, Plaintiff spent the vast majority of his time at work performing the same tasks as non-exempt salespersons, who receive both an hourly wage and commissions on sales.   Most of Plaintiff's time working as a Department Manager was spent assisting customers, ringing up sales and returns, taking inventory, organizing stock rooms, folding and hanging clothing, and placing merchandise on shelves or racks for sale.  Plaintiff was not afforded any discretion with respect to the performance of the foregoing tasks or the operation of the enterprise, generally, including the mix of merchandise to carry, the organization and display of merchandise, or the pricing of merchandise, as all such decisions were made by the Store Manager or Macy's Corporate office and simply transmitted to the store for implementation.  Nor was Plaintiff afforded discretion to hire and fire hourly employees working in his Department.  Indeed, and on one occasion, Plaintiff sought to rehire a seasonal hourly employee for the Christmas shopping season, who had worked the prior season, and that effort was rejected, without any justification.  Plaintiff's written consent to bring this action, pursuant to 29 U.S.C. §216(b), is attached hereto as Exhibit A.

11. Defendant Macy's operates ten department stores in the State of Connecticut, and has been an "employer" of numerous Department Managers in those stores at all relevant times within the meaning of the FLSA and the CMWA. Defendant Macy's also operates hundreds of Macy's department stores throughout the United States, and has been an "employer" of numerous Department Managers in those stores at all relevant times within the meaning of the FLSA.

## COLLECTIVE ALLEGATIONS

12. Plaintiff brings the First Count as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b), on behalf of himself and other similarly situated people (the "Collective"), which shall include:

> All persons who work or worked for Macy's as Department Managers from October 27, 2014, through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period"). Excluded from the Collective are Defendant, any corporations, partnerships or other entities affiliated with Defendant, and any Department Managers who were paid $100,000 or more in annual compensation.

13. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective for hours worked in excess of 40 hours per week. There are likely 100 or more similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records that Defendant is required to create and maintain under

applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

14. Plaintiff also brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Department Managers (the "Class"):

> All persons who work or worked for Defendant as Deparment Managers in the State of Conneciticut from October 27, 2015 through the date a judgment is entered in this action. Excluded from the Class are Defendant, and any corporations, partnerships or other entities affiliated with Defendant.

15. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are at least 100 members of the Class.

16. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

    a.    Whether Defendant misclassified Plaintiff and the Class as exempt employees;

    b.    Whether the Department Managers were paid on a salary basis;

    c.    Whether Department Managers exercised discretion in the operation of the enterprise, or had actual management authority over the operation of any department or subdivision;

    d.    How much time Department Managers had to spend on non-managerial duties;

    e.    Whether the Department Managers had the authority to hire or fire, or make suggestions concerning hiring or firing that were given particular weight;

      f.    Whether Defendant failed to pay Plaintiff and the Class at overtime rates for hours worked over 40 per workweek;

      g.    Whether Defendant's conduct violated the CMWA; and

      h.    The amount by which Plaintiff and the Class were damaged.

17.    The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

18.    Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

19.    A class action is superior to all other available methods for this controversy because:

      a.    The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

      b.    The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for defendant;

      c.    Defendant acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      d.    Department Managers who are currently employed by Macy's are likely to fear retaliation and/or the loss of their employment, and thus will likely not commence their own

actions. Indeed, Plaintiff has witnessed and experienced retaliation by Macy's for asserting statutory rights to protect workers, including the termination of his own employment for availing himself of his rights under the Family Medical Leave Act.

## SUBSTANTIVE ALLEGATIONS

20. Plaintiff was employed by Macy's as a Department Manager during the limitations period of both FLSA and the CMWA. At all times, Plaintiff was misclassified as an exempt employee and was not paid at time and one-half his regular hourly rate for hours worked over 40 in a work week. As a Department Manager, Plaintiff was required to work 50 hours or more per week, and like Plaintiff, all of the other Department Managers routinely work 50 or more hours per week.

21. Macy's misclassifies Plaintiff, and all of its other Department Managers, as exempt from the FLSA and the CMWA's overtime requirements, apparently on the grounds that they are management and thus subject to the "executive" exemption under both the FLSA and the CMWA.

22. In order to be an exempted "executive" under both the FLSA and the CMWA, an employee's primary duty must be management, and the employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight. Further, under the CMWA, not more than 20% of an exempt employee's time at work can be spent on non-managerial tasks.

23. Plaintiff and the Department Managers do not meet this test, as Department Managers spend most of their time performing the same work as commissioned salespersons, including assisting customers, ringing up sales and returns, taking inventory, organizing stock rooms, folding and hanging clothing, and placing merchandise on shelves or racks for sale. The

primary difference between a Department Manager and a commissioned salesperson is that a Department Manager is required to work more than 40 hours per week, and is not paid overtime, because Macy's improperly classifies Department Manager as exempt employees.

24. Nor do the Department Managers have the authority to hire or fire, and their suggestions and recommendations concerning such matters are not given any particular weight. Plaintiff, on one occasion, attempted to hire a temporary employee for the Christmas shopping season, who had worked for Macy's without incident during the prior Christmas shopping season, and his recommendation was disregarded. Further, Plaintiff had no meaningful authority or ability to influence the termination of employees in his department, as such decisions were left to the sole discretion of the Store Manager and Macy's Human Resources department.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. §201,** *et seq.***: Failure to Pay Overtime**

**(Brought on Behalf of Plaintiff and the Collective)**

25. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

26. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

27. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

28. At all relevant times, Defendant's business has had annual gross revenues in excess of $500,000.

29. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by

reference.

30. Defendant was required to properly pay Plaintiff and others similarly situated all wages due including applicable overtime wages for all hours worked in excess of 40 hours in a workweek.

31. During the FLSA Class Period, Defendant failed to pay Plaintiff and the Department Managers all wages due including overtime wages of not less than one and one- half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek to which they were entitled under the FSLA, 29 U.S.C. §207.

32. Defendant's violation of the overtime requirements of the FLSA was part of its regular business practice and constituted a pattern, practice, and/or policy.

33. As a result of Defendant's violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

34. Defendant's unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendant is a sophisticated employer with an in-house counsel department, and knew or should have known that the practices complained of herein were unlawful.  Defendant knew that Plaintiff and others similarly situated routinely worked in excess of forty hours per week and that Plaintiff and others similarly situated were not paid for all hours worked.

35. Defendant has not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiff and others similarly situated.

36. Because Defendant's violations of the FSLA have been willful,  a three-year

statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

37. Plaintiff and the Department Managers also seek to enjoin Defendant from its continuing violations of 29 U.S.C. §207.

## COUNT II

### Connecticut Minimum Wage Act

### (On Behalf of Plaintiff and the CMWA Class)

38. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

39. At all relevant times, Plaintiff and the Class were employed by Macy's within the meaning of the CMWA.

40. Macy's willfully violated Plaintiff's rights, and the rights of the members of the Class, by unlawfully classifying them as exempt employees and failing to pay them overtime compensation at rates not less than one and one-half their regular rate of pay for each hour worked in excess of forty hours in a work week.

41. As a result of Defendant's violations of the CMWA, Plaintiff and the Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, prejudgment and post judgment interest, and reasonable attorneys' fees and costs pursuant to the CMWA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff and the Department Managers the following relief:

A. An order certifying this case as a collective action for the violations of the FLSA, as it pertains to the First claim under 29 U.S.C. §216(b) for the class of employees described herein and designating Plaintiff's counsel as Counsel for the Collective;

B.  An order certifying this case as a class action for violations of the CMWA as it pertains to the Second claim under Federal Rule of Civil Procedure 23 (a) and (b)(3) for the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C.  Award Plaintiff and the Department Managers all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post- judgment interest, statutory damages, and any other damages that may be just and proper;

D.  Award to Plaintiff's Counsel, reasonable attorneys' fees, costs and expenses as authorized by law;

E.  Enjoin Defendant from its continued violation of the FLSA and the CMWA; and

F.  Grant in favor of Plaintiff and the Class such other relief as may be just and proper.

## JURY DEMAND

Plaintiff, the Collective, and the Class hereby demand a trial by jury.

          THE PLAINTIFFS,

          s/Daniel E. Sobelsohn
          Daniel E. Sobelsohn
          THE SOBELSOHN LAW FIRM
          16027 Ventura Blvd., Suite 608
          Encino, CA 91436
          Tel: (310) 775-0504
          Fax: (818) 530-4342
          dsobelsohn@sobelsohnlaw.com

          October 27, 2017

# EXHIBIT A

## CERTIFICATION BY PLAINTIFF
### (29 U.S.C. § 216(b))

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to secure unpaid overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Macy's, Inc., and any related entities ("Defendants").

I authorize The Sobelsohn Law Firm, and any associated attorneys as well as any successors or assigns, to represent me with my claims and join my claims with those of other persons who have claims against the Defendants under the Fair Labor Standards Act for failure to pay overtime.

By signing and returning this consent to sue, I understand that I will be represented by the above attorneys without prepayment of costs or attorneys' fees, and that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I also understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: October 4, 2017                                s/Andrew Davis
                                                      Andrew Davis